# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CHICAGO TITLE INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.:<br>) |
| **ALABAMA HOME MORTGAGE LOANS, INC.,** | )<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Chicago Title Insurance Company, the plaintiff in the above-styled cause, and brings this action for Declaratory Judgment.

## I.  JURISDICTION

1. Plaintiff Chicago Title Insurance Company ("Chicago Title") is a Florida corporation with its principal place of business in Jacksonville, Florida. Therefore, Chicago Title is a citizen of the state of Florida.

2. Defendant Alabama Home Mortgage Loans, Inc. ("Alabama Home") is an Alabama corporation with its principal place of business in Wetumpka, Alabama. Therefore, Alabama Home is a citizen of the state of Alabama.

3. The real properties at issue in this insurance coverage dispute are located in Tallapoosa County, Alabama.

4. This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs in compliance with 28 U.S.C. § 1332. This action is further based upon 28 U.S.C. § 2201 which provides that this Court, upon the filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such a declaration.

5. Chicago Title seeks a declaration from this Court that it has no duty to indemnify Alabama Home with respect to the claims submitted by The Closing Agency, LLC ("The Closing Agency") on behalf of Alabama Home, the named insured under the Policies, as later defined herein. Chicago Title respectfully requests this Court adjudicate the coverage issues to determine the duties and liabilities of the parties.

## II.   FACTS

6. This action for declaratory judgment arises out of The Closing Agency's failure to pay off three liens in connection with three separate refinance transactions in which The Closing Agency provided settlement and closing services to Alabama Home.

7. The Closing Agency provided closing and settlement services as the agent for Alabama Home, the refinance lender, for transactions that closed in August and September 2024.

8. Due to wire fraud, The Closing Agency failed to pay off the then-existing mortgages encumbering the parcels owned by the borrowers in the respective refinance transactions (collectively, the "Prior Mortgages").

9. An American Land Title Association ("ALTA") Short Form Residential Loan Policy 12/03/12 was issued by The Closing Agency on behalf of Chicago Title in connection with each of the respective refinance transactions: Policy No. 72434-232761520, Policy No. 72434-232913249 and Policy No. 72434-232799600 (collectively, the "Policies"). True and correct copies of the Policies are attached hereto as Exhibits A, B, and C respectively.

10. Pursuant to Paragraph 3(a) of the Exclusions from Coverage section of the Policies, there is no coverage for any loss or damage, costs, attorney's fees, or expenses that arise by reason of defects, liens, encumbrances, adverse claims, or other matters created, suffered, assumed, or agreed to by Alabama Home, the Named Insured under the Policies.

11. On or about October 3, 2024, The Closing Agency provided notice under the respective Policies to Chicago Title regarding the unpaid, outstanding Prior Mortgages (the "Claims").

**The Roberts Transaction**

12. On October 24, 2023, Norman E. Roberts ("Mr. Roberts") acquired title to the property located at 2590 Pearson Chapel Road, Alexander City, Alabama 35010 ("Pearson Chapel Property") from William Lloyd Lancaster and Gina Lancaster, pursuant to that certain Warranty Deed recorded on October 30, 2023, as Doc # 375604, of the Official Records of Tallapoosa, Alabama.

13. To finance the purchase, Mr. Roberts executed a Mortgage in favor of Alabama Home, encumbering the Pearson Chapel Property to secure a note in the original principal amount of $433,000.00, recorded on October 30, 2023, as Doc. # 375605 ("Prior Roberts Mortgage").

14. Mr. Roberts allegedly undertook to refinance the Prior Roberts Mortgage with Alabama Home. Alabama Home selected The Closing Agency to provide the settlement services for said refinance transaction.

15. The Closing Disclosure for this refinance transaction identifies Eric McKinley as the mortgage broker/lender contact on behalf of Alabama Home, and he is the Member, Organizer, and Director/Manager of The Closing Agency, pursuant to the records of the Alabama Secretary of State.

16. On August 16, 2024, Mr. Roberts executed a mortgage in favor of Alabama Home, encumbering the Pearson Chapel Property to secure a note in the

original principal amount of $437,900.00, recorded on August 26, 2024, at Doc # 383092 ("Insured Roberts Mortgage").

17. In connection with this transaction, The Closing Agency issued an ALTA Short Form Residential Loan Policy 12/03/12, bearing Policy No. 72434-232761520 (the "Roberts Policy"), underwritten by Chicago Title, to Alabama Home.

18. As a part of the settlement services provided to Alabama Home, The Closing Agency requested an updated payoff statement from Mr. Cooper, as servicer for United Wholesale Mortgage, the holder of the Prior Roberts Mortgage at closing, which provided a payoff in the amount of $430,214.64.

19. However, The Closing Agency's server was compromised by an unknown third-party fraudster who manipulated the authentic payoff instructions provided by Mr. Cooper such that The Closing Agency received a payoff statement via email containing fraudulent instructions.

20. On August 22, 2024, The Closing Agency issued a wire in the amount of $430,148.57 pursuant to said fraudulent instructions, rather than the authentic instructions provided by Mr. Cooper, thus failing to satisfy the Roberts Prior Mortgage.

21. On or about October 3, 2024, The Closing Agency provided notice under the Roberts Policy to Chicago Title on behalf of Alabama Home for the matter of the outstanding Prior Roberts Mortgage.

**The Bates Transaction**

22. On December 29, 2023, Raymond O. and Regina Bates ("Bates") acquired title to the property located at 39 Hideaway Drive, Dadeville, Alabama 36853 ("Hideaway Property") from Bruce Dean and Melissa Dean, pursuant to that certain Warranty Deed with Right of Survivorship, recorded as Doc. # 377163 of the Official Records of Tallapoosa, Alabama.

23. To finance the purchase, the Bates executed a mortgage in favor of Alabama Home, encumbering the Hideaway Property to secure a note in the original principal amount of $325,000.00, recorded on January 2, 2024, as Doc. # 377164 ("Prior Bates Mortgage").

24. The Bates allegedly undertook to refinance the Prior Bates Mortgage with Alabama Home. Alabama Home selected The Closing Agency to provide the settlement services for said refinance transaction.

25. The Closing Disclosure for this refinance transaction also identifies Eric McKinley as the mortgage broker/lender contact on behalf of Alabama Home.

26. On September 27, 2024, the Bates executed a mortgage in favor the Alabama Home, encumbering the Hideaway Property to secure a note in the original

principal amount of $333,000.00, recorded on September 30, 2024, as Doc. # 383986 ("Insured Bates Mortgage").

27. In connection with this transaction, The Closing Agency issued an ALTA Short Form Residential Loan Policy 12/03/12 loan policy, bearing Policy No. 72434-232913249 ("Bates Policy"), underwritten by Chicago Title, to Alabama Home.

28. As part of the settlement services provided to Alabama Home, The Closing Agency requested an updated payoff statement from Mr. Cooper, as servicer for United Wholesale Mortgage, the holder of the Prior Bates Mortgage at closing, which provided a payoff in the amount of $324,928.97.

29. However, The Closing Agency's server was compromised by an unknown third-party fraudster who manipulated the authentic payoff instructions provided by Mr. Cooper such that The Closing Agency received a payoff statement via email containing fraudulent instructions.

30. On September 27, 2024, The Closing Agency issued a wire in the amount of $324,346.06 pursuant to the fraudulent instructions, rather than the authentic instructions provided by Mr. Cooper, thus failing to satisfy the Prior Bates Mortgage.

31. On or about October 3, 2024, The Closing Agency provided notice under the Bates Policy to Chicago Title on behalf of Alabama Home for the matter of the outstanding Prior Bates Mortgage.

**The Carmack Transaction**

32. On December 29, 2010, Alan R. and Nicole Carmack ("Carmacks") purchased the Property located at 1122 Camp Ascca Drive, Jacksons Gap, Alabama 36861 ("Camp Ascca Property") from Jimmy Evers, pursuant to that certain "Warranty Deed Joint [Tenancy] with Right of Survivorship" recorded on January 18, 2011, as Doc. # 262536 of the Official Records of Tallapoosa, Alabama.

33. On July 26, 2023, the Carmacks executed a mortgage in favor of the Alabama Home, encumbering the Camp Ascca Property to secure a note in the original principal amount of $540,000.00, recorded on August 7, 2023, as Doc. # 373768 ("Prior Carmacks Mortgage").

34. The Carmacks allegedly undertook to refinance the Prior Carmacks Mortgage with Alabama Home. Alabama Home selected The Closing Agency to provide the settlement services for said refinance transaction.

35. The Closing Disclosure for this refinance transaction also identifies Eric McKinley as the mortgage broker/lender contact on behalf of Alabama Home.

36. On August 22, 2024, the Carmacks refinanced, executing a mortgage in favor of Alabama Home, encumbering the Camp Ascca Property to secure a note in the original principal amount of $548,000.00, recorded on September 5, 2024, at Doc. # 383343 ("Insured Carmacks Mortgage").

37. In connection with this transaction, The Closing Agency issued an ALTA Short Form Residential Loan Policy 12/03/12 loan policy, bearing Policy No. 72434-232799600 ("Carmacks Policy"), underwritten by Chicago Title, to Alabama Home.

38. As a part of the settlement services provided to Alabama Home, The Closing Agency requested an updated payoff statement from Mr. Cooper, as servicer for United Wholesale Mortgage, the holder of the Prior Carmacks Mortgage at closing, which provided a payoff for $536,273.77.

39. However, The Closing Agency's server was compromised by an unknown third-party fraudster who manipulated the authentic payoff instructions provided by Mr. Cooper such that The Closing Agency received a payoff statement via email containing fraudulent instructions.

40. On August 27, 2024, The Closing Agency issued a wire in the amount of $537,146.23 pursuant to said fraudulent instructions, rather than the authentic instructions provided by Mr. Cooper, thus failing to satisfy the Prior Carmacks Mortgage.

41. On or about October 3, 2024, The Closing Agency provided notice under the Carmacks Policy to Chicago Title on behalf of Alabama Home for the matter of the outstanding Prior Carmacks Mortgage.

**The Policies**

42. Chicago Title's liability under the Policies, if any, is limited to the terms and conditions of the Policies.

43. The Closing Agency, who provided title services in connection with this closing, was an authorized agent of Chicago Title solely for the purpose of issuing title insurance commitments, policies, endorsements and closing protection letters, underwritten by Chicago Title.

44. The Closing Agency was Chicago Title's agent for issuing title insurance products (in this case, the Policies), underwritten by Chicago Title. Alabama Home otherwise selected The Closing Agency to be its settlement agent for the purposes of closing the respective Insured Mortgage refinance transactions.

45. The Closing Agency is not Chicago Title's agent for purposes of providing closing or settlement services. These activities are outside the scope of its agency for Chicago Title.

46. The Policies' terms exclude coverage for the Prior Mortgages. With respect to each of the Policies, Paragraph 3(a) of the Exclusions from Coverage provides as follows:

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;

47. Eric McKinley is both an employee of Alabama Home, and the owner of The Closing Agency.

48. To the extent The Closing Agency, as Alabama Home's agent, failed to remit payment to Mr. Cooper to discharge the Prior Mortgages, said failure is imputed to Alabama Home, and Alabama Home is deemed to have "created" or "suffered" the defects of the outstanding Prior Mortgages under Exclusion 3(a) of the Policies.

49. Accordingly, to the extent that The Closing Agency, in its capacity as Alabama Home's selected settlement agent, failed to pay off the respective Prior Mortgages due to the fraudulent payoffs, said acts and omissions are imputed to Alabama Home such that they are deemed to be the acts of Alabama Home.

50. As a result, there is no coverage for the respective Prior Mortgages under the Policies issued to Alabama Home for the Claims.

### III.   CAUSES OF ACTION

### Declaratory Judgment as to Alabama Home

51.   Chicago Title incorporates herein by reference the aforementioned allegations in paragraphs 1-48 as if set forth herein.

52.   Chicago Title contends there is an actual controversy as to whether it has a duty to indemnify Alabama Home with respect to the Claims.

53.   Under the Policies, Chicago Title has no obligation to indemnify Alabama Home.

54.   Chicago Title seeks a declaration from this Court that it has no duty to indemnify Alabama Home under the Policies for any loss or damage, costs, attorney's fees, or expenses arising from the Claims for the outstanding Prior Mortgages.

55.   Alabama Home created, suffered, assumed and/or agreed to the outstanding Prior Mortgages as a result of the acts and/or omissions of its agent, The Closing Agency, which are imputed to Alabama Home such that these are deemed to be the acts of Alabama Home.

**WHEREFORE, PREMISES CONSIDERED**, Chicago Title prays that this Court would enter an order:

  a. Declaring that Chicago Title is not obligated to indemnify Alabama Home under the Policies with respect to the Claims for any loss or damage, costs, attorney's fees, or expenses arising from the outstanding Prior Mortgages, and

  b. Granting to Chicago Title any further or different relief to which it may be entitled.

          Respectfully submitted,

          */s/ James R. Bussian*
          James R. Bussian (asb-7108-i70j)
          **MAYNARD NEXSEN PC**
          1901 6th Avenue North, Suite 1700
          Birmingham, AL 35203-2618
          Telephone: (205) 254-1074
          JBussian@maynardnexsen.com

          *Counsel for Plaintiff Chicago Title Insurance Company*

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Alabama Home Mortgage Loans, Inc.
242 Peace Church Road
Wetumpka, Alabama 36093